IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LUIS VALLEJO,<br><br>      Defendant. | 8:13-CR-244<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant Luis Vallejo's motion for new trial (filing 186).[1] For the reasons discussed below, the motion will be denied.

### BACKGROUND

  The superseding indictment in this case charged Vallejo with conspiracy to distribute or possess with intent to distribute 500 grams or more of a mixture or substance of methamphetamine (count I) and possession with intent to distribute 50 grams or more of actual methamphetamine (count IV), in violation of 21 U.S.C. §§ 841 and 846. Filing 141. Vallejo was found guilty of both counts following a jury trial. Filing 182.

  At trial, the government presented the testimony of one of Vallejo's co-conspirators, Froilan Cuevas. Cuevas has since pleaded guilty to conspiracy to distribute methamphetamine. *See*, filings 141, 156, and 215. Cuevas acted as a driver for Jorge Munoz-Ramon, who has also been charged with participation in the conspiracy.[2] Among other things, Cuevas testified that Munoz-Ramon had told him that Vallejo had been paid to drive methamphetamine from California to Omaha. Vallejo's motion for a new trial focuses on the Court's decision to admit this testimony over Vallejo's objections.

---

[1] The Court has also received a letter from Vallejo, which requests, among other things, a retrial. Filing 242. The Court has considered the letter, but it does not add to the grounds for relief already contained in the motion for a new trial.

[2] Munoz-Ramon was charged in the same superseding indictment, but has not yet proceeded to trial or pleaded guilty.

## STANDARD OF REVIEW

Upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). A motion for new trial is committed to the Court's discretion, and while the Court may weigh the evidence and disbelieve witnesses, the verdict must be allowed to stand unless the Court ultimately determines that a miscarriage of justice will occur. *United States v. Maybee*, 687 F.3d 1026, 1032 (8th Cir. 2012).

## ANALYSIS

Vallejo's motion for a new trial purports to raise three grounds for relief: (1) that the verdict was contrary to the evidence, (2) that the verdict was contrary to law, and (3) that "[e]rrors of law occurred during the course of the trial which were duly objected to by defense counsel." Filing 186. But Vallejo has only made one argument of substance: that the Court erred in admitting the statement of Munoz-Ramon described above. Filing 226. Vallejo's remaining assignments of error were only raised in a cursory fashion and will be disposed of in a similar manner. The verdict was not contrary to the evidence, and the Court is unaware of any legal errors that might have prejudiced Vallejo, let alone errors requiring a new trial. So, the Court turns to Vallejo's sole substantive argument.

At trial, the Court found that Munoz-Ramon's statement, offered through Cuevas, was admissible as the statement of a co-conspirator under Fed. R. Evid. 801(d)(2)(E). Under that rule, the statements of a co-conspirator are admissible as non-hearsay if the prosecution demonstrates by a preponderance of the evidence that: (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the declaration was made during the course of and in furtherance of the conspiracy. *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004); *see also*, *United States v. Dinwiddie*, 618 F.3d 821, 836 (8th Cir. 2010); *United States v. Hyles*, 521 F.3d 946, 959 (8th Cir. 2008).

In admitting the testimony, the Court followed the framework set forth in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), by making explicit findings at the close of evidence that Munoz-Ramon's statement satisfied each of the requirements of Rule 801(d)(2)(E). *See United States v. Tremusini*, 688 F.3d 547, 554–55 (8th Cir. 2012). Specifically, the Court found that a conspiracy existed, that Vallejo and Munoz-Ramon were members of the

conspiracy,[3] and that the statement was made during the course of and in furtherance of the conspiracy.

The Court also determined that Cuevas' testimony did not run afoul of the Confrontation Clause. The Confrontation Clause of the Sixth Amendment secures the right of an accused "to be confronted with the witnesses against him." U.S. Const., Amdt. VI. This protection bars the introduction of testimonial hearsay. *United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010). But the Confrontation Clause generally does not bar statements made by a co-conspirator, during the course of and in furtherance of the conspiracy, because such statements are not testimonial. *United States v. Avila Vargas*, 570 F.3d 1004, 1008–09 (8th Cir. 2009). And because Munoz-Ramon's statements satisfied Rule 801(d)(2)(E), they are not hearsay. Thus, the Confrontation Clause was no bar to Munoz-Ramon's statements. *See Dinwiddie*, 618 F.3d at 835 n.4.

Vallejo objects to two aspects of these findings. First, Vallejo argues that the Court erred in finding that Munoz-Ramon's statements were made in furtherance of the conspiracy. While the phrase "in furtherance of the conspiracy" is interpreted broadly, it is not so broad as to cover statements that are made simply to impress the listener, or that merely inform the listener of the declarant or a co-conspirator's criminal activities. *United States v. Ragland*, 555 F.3d 706, 713 (8th Cir. 2009). But statements that discuss the supply source for illegal drugs or identify a co-conspirator's role in the conspiracy are considered statements made in furtherance of the conspiracy. *Id*.

Vallejo cites *United States v. Snider,* 720 F.2d 985, 992 (8th Cir. 1983), and *Battle v. Lubrizol Corp.*, 673 F.2d 984, 990 (8th Cir. 1982), in support of his argument that Munoz-Ramon's statements were not made in furtherance of the conspiracy. Both cases are readily distinguishable. The statements in *Snider* consisted of descriptions of the criminal enterprise made to an outsider in an attempt to impress her, and did not further the conspiracy in any way. 720 F.2d at 992. Similarly, the statements in *Battle* were made to outsiders and amounted to mere boasting. 673 F.2d at 990. In contrast, Munoz-Ramon's statement to Cuevas furthered the conspiracy because it both identified the source of the methamphetamine and explained Vallejo's role in the conspiracy. *Ragland,* 555 F.3d at 713; *see also*, *United States v. Cazares*, 521 F.3d 991, 999 (8th Cir. 2008); *United States v. Jordan*, 260 F.3d 930, 933 (8th Cir. 2001).

---

[3] Cuevas was also a member of the conspiracy, but that finding is not a pre-requisite to admissibility under Rule 801(d)(2)(E)—it is only necessary that the defendant and the declarant were members of the conspiracy. *Dinwiddie*, 618 F.3d at 836.

3

Second, Vallejo argues that admission of Munoz-Ramon's statement violated the Confrontation Clause because the statement lacked adequate "indicia of reliability." Filing 226 at 2-3 (citing *Lilly v. Virginia*, 527 U.S. 116 (1999)); *see also Ohio v. Roberts*, 448 U.S. 56, 66 (1980). But the reliability test of *Roberts* and *Lilly* was abolished—and *Roberts* was expressly rejected—in the landmark decision of *Crawford v. Washington*, 541 U.S. 36, 60 (2004), a case curiously lacking from the defendant's briefs. Under *Crawford*, the reliability of the statement is not part of the equation. Instead, the Court only asks whether the statement constitutes testimonial hearsay; if not, the Confrontation Clause has no application. *Whorton v. Bockting*, 549 U.S. 406, 420 (2007). The reliability of Munoz-Ramon's statements (and the credibility of Cuevas' testimony) were matters for the jury to consider. The jury had ample opportunity to consider Vallejo's arguments on those matters, and found them unpersuasive. The Court has been given no reason to disturb the jury's verdict.

THEREFORE, IT IS ORDERED:

1. The defendant's motion for new trial (filing 186) is denied.

Dated this 29th day of April, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

4